1835.

Randolph
v.
Dickerson.

### Randolph *vs.* Dickerson and others.

Where a complainant files a bill to set aside a conveyance made by him, on the ground of fraud in obtaining it, if the suit abates by the death of the complainant, and the wife of the defendant is one of the heirs at law, the other heirs may file a bill of revivor against the wife and her husband, without alleging therein that she refused to join with the other heirs in a bill of revivor against the husband.

Where supplemental matter is improperly inserted in a bill of revivor and supplement, it does not authorize the defendant to demur to the whole bill. He should demur to the supplemental matter only.

A wife cannot be joined as a complainant in a bill against her husband without her consent, although the suit is prosecuted in her name by her next friend.

THIS was an appeal from an order of the vice chancellor of October 27. the seventh circuit, allowing a demurrer to a bill of revivor and supplement. The original bill was filed to set aside a transfer of the complainant's real estate, on the ground of fraud. The complainant died, leaving six children, his heirs at law, one of which children was the wife of a defendant in the original suit. The other five heirs filed a bill of revivor and supplement; to which bill they made the other heir a party defendant, with her husband and the other defendants in the original bill. The original defendants demurred, on the ground that she should have been made a party complainant, and that the supplemental matter of the bill was improper. The vice chancellor allowed the demurrer, and dismissed the bill.

*A. Gibbs,* for the complainant.

*E. Sanford,* for the defendants.

The CHANCELLOR said, that as one of the heirs was the wife of a defendant in the original bill, that circumstance alone was a sufficient reason for not joining her as a party complainant in the bill of revivor against her husband; that she could not join in a suit against him, except by her prochein ami; and even then the suit could not be brought in

her name, without her consent ; that, under the circumstan-
ces, it was not necessary to aver that she refused to join with
the other heirs at law in the bill of revivor ; and that if sup-
plemental matter was improperly added to the bill, it fur-
nished no reason for demurring to the whole bill, but the de-
fendants should have demurred to the supplemental mat-
ter only.

The decree of the vice chancellor was therefore reversed,
with costs ; and the suit was directed to stand revived.